IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **RICHARD SCOTT BLACKSTONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:13-22762** |
| | ) | |
| **MR. MASTERS, Warden,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 10, 2013, Plaintiff, acting *pro se* and then incarcerated at FCI-McDowell, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Plaintiff names Warden Masters as the Defendant. Plaintiff complains that the BOP is violating his constitutional rights by failing to provide him with adequate medical care for severe burns to his leg and foot. (Id., pp. 6 - 7.) As relief, Plaintiff requests that the "Court allow [him] to see an outside doctor or burn specialist to assess [his] injuries from an incident that happened in January of 2013." (Id., p. 8.)

By Standing Order, this matter was referred to the United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on September 13, 2013, Judge Eifert determined that an initial review of Plaintiff's Section 2241 Petition revealed that he was seeking "relief under 28 U.S.C. § 1331 (a *Bivens* action) for alleged violations of his constitutional rights. (Document No. 3.) Judge Eifert, therefore, ordered that Plaintiff "(1)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

complete and file a *Bivens* complaint form, and (2) pay the $400 filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs and a Consent to Collection of Fees from Trust Account." (Id.)

On October 7, 2013, Plaintiff filed his Motion to Proceed Without Prepayment of Fees and Costs and his Complaint alleging violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[2] (Document Nos. 4 and 6.) In his Complaint, Plaintiff names a number of defendants including: 1) Karen Hogsten, Warden of FCI-McDowell, 2) Mrs. Panaguito, P.A. 2, FCI-McDowell; 3) Mr. Goude, P.A. 1, FCI-McDowell; 3) Erik Holder, U.S. Attorney General; 4) Booth Goodwin, U.S. Attorney of West Virginia (Southern District); 5) Dr. Matose, Doctor, FCI-McDowell; 6) Kelly Lucas, Health Service Administrator, FCI-McDowell; 7) Mr. Bowling, Food Service Administrator, FCI-McDowell; 8) Mr. Hacker, Safety Administrator, FCI-McDowell; 9) Mrs. Wright, "Womens" (sic) Doctor, Alderson Prison for Women; 10) "Others yet to be named et. al. etc.", (sic) FCI-McDowell. (Document No. 4.) Plaintiff asserts that the various defendants violated his constitutional rights by failing to properly treat him for burns and other injuries he suffered on or about January 27, 2013 while working for Food Service at FCI-McDowell. (Id.)

By Order entered on October 9, 2013, the above action was transferred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 9.) By Order entered on January 6, 2016, the above case was referred to United States Magistrate Judge Omar J. Aboulhosn for for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 17.)

On March 3, 2015, Plaintiff filed a letter-form Motion for Voluntary Dismissal[3]. (Document No. 13.) In support of his Motion, Plaintiff explains that "[o]n or about September 2013,[4] I filed a Bivens in which I received the above listed case number." (Id.) Plaintiff notes that he is acting pro se, and "I had to learn as I went along." (Id.) Plaintiff, therefore, requests "that Your Honor please dismiss my filing of the Bivens without prejudice. I wish to refile under the same case number a Tort in place of the Bivens without violating the statute of limitations. Since the Court has not reviewed my filing I ask that I be allowed to replace the Bivens with a Tort claim and not be penalized at a later date for not complying with the statute of limitations." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

---

[3] The letter-form Motion also requested that the Plaintiff be allowed to amend his complaint and allege allegations under the Federal Tort Claims Act [FTCA]. 28 U.S.C. §§ 1346(b) and 2671. That portion of the Plaintiff's Motion will be dealt with by separate Order.

[4] The undersigned notes that Plaintiff filed his Section 2241 Petition on September 10, 2013. (Document No. 1.) The Court finds that Plaintiff is only requesting that his Section 2241 Petition, which inappropriately challenges the conditions of his confinement be dismissed. Plaintiff filed his Complaint on October 4, 2013, appropriately asserting his Complaint alleging violations of his constitutional and civil rights pursuant to *Bivens*. If Plaintiff does not wish to pursue his *Bivens* claim alleging violations of his constitutional rights, Plaintiff may exclude such claims in his Amended Complaint. Plaintiff is advised that his Amended Complaint will supersede his original Complaint.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Section 2241 Petition nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of his Section 2241 action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that his Section 2241 action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court

**GRANT** Plaintiff's letter-form Motion for Voluntary Dismissal (Document No. 13), **DISMISS** Plaintiff's Section 2241 Petition (Document No. 1) without prejudice, and **REFER** this matter back to the undersigned for further proceedings upon Plaintiff's Bivens claim.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se*.

Date: January 11, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge